The facts in the case are stated in the opinion.
Campbell, Chief Justice,
delivered the opinion of the court:
The Clinton Coal Company, Inc., the plaintiff, was invited to submit proposals for furnishing coal and wood at designated Coast Guard stations. It submitted proposals, that were duly accepted, to furnish at eleven stations an aggregate of 435 gross tons of coal at $21.45 per gross ton, amounting in all to $9,330.15, and at some of these' stations to furnish wood at $18 per cord, making an aggregate for coal and wood of $9,456.15. Deliveries of the coal were effected by transporting it upon scows and from the scows to the designated places by wagon. Questions having arisen as to the quantity of coal delivered, adjustments were made by agreement as to several of the places, and the plaintiff promptly furnished additional coal at these stations. The difference in the claims of the respective parties arises on the quantities of coal actually delivered at three stations, namely, Long Beach, Oak Island, and Fire Island stations. The plaintiff agreed to deliver a stated number of tons of coal, and it is incumbent upon it in the first instance to show that the tonnage claimed was delivered. Neither party has filed a request for special findings of fact, but plaintiff sues for a balance alleged to be due as though all coal contracted for had been actually delivered. It has been paid $8,413.10, which leaves a balance of the contract price of $1,043.65. Claiming that there was a deficiency of at least 37 tons in the coal delivered, the officers in charge demanded of plaintiff that the deficiency be supplied, else the amount would be purchased in open market and charged against plaintiff. The 37 tons were afterwards purchased at $25 per ton in the open market and the price paid was reasonable. Upon the evidence adduced the court is of opinion that the shortage. *314 with which plaintiff is chargeable is 28 tons, and charging against plaintiff this tonnage at $25 per ton and deducting the amount from the balance of the contract price there is still due the plaintiff the sum of $343.65 which it is entitled to receive. Judgment is awarded against the defendant in this amount.
Moss, Judge; Gkaham, Judge; and Booth, Judge, concur.